**AUTO–OWNERS INSURANCE COMPANY a/s/o David M. Brown, Plaintiff**

v.

**Carolyn YOUNG d/b/a Peddlers Corner Café, Defendant.**

No. 94S00–0909–CQ–417.

Supreme Court of Indiana.

Oct. 5, 2009.

*ORDER ACCEPTING CERTIFIED QUESTION*

Pursuant to Indiana Appellate Rule 64, the United States District Court for the Southern District of Indiana, New Albany Division, has certified a question of Indiana state law for this Court's consideration. The question arises in *Auto–Owners Insurance Company a/s/o David M. Brown v. Carolyn Young d/b/a Peddlers Corner Café,* Case No. 4:08–cv–160–SEB–WGH (S.D.Ind.). The question, as framed by the federal district court, is:

> "Whether, absent an express agreement to the contrary, a tenant should be deemed a co-insured under a fire insurance policy held by that tenant's landlord."

The certified question, which each member of this Court has considered, is hereby ACCEPTED pursuant to Appellate Rule 64.

The Court further directs as follows:

a) There shall be simultaneous briefing of this matter. The parties are each allowed a main brief and a response brief. The plaintiff's briefs shall be bound with blue covers; the defendants' briefs with red covers. The two main briefs shall, to the extent reasonably practicable, conform to the provisions of Appellate Rule 46(A), and may not exceed 8400 words, exclusive of the items listed in Appellate Rule 44(C). The two response briefs may not exceed 2400 words, exclusive of the items listed in Appellate Rule 44(C). The two main briefs and the appendix must be filed by **Monday, November 9, 2009.** The two response briefs must be filed by **Wednesday, December 2, 2009.**

b) Except to the extent this order directs otherwise, the four briefs shall substantially conform to the provisions of Appellate Rules 43 and 44. The briefs shall be accompanied by the verified statement of word count referred to in Appellate Rule 44(F).

c) In addition, an appendix shall be filed containing copies of documents from the federal court case that the parties believe are necessary or helpful for deciding the questions, including, as applicable, the items listed in Appellate Rule 50. It is anticipated that the parties will confer and agree on the materials to be included in an appendix. In addition to the matters included by the parties per their conference and agreement, the appendix shall also contain the Corporate Disclosure Statement filed in the District Court on or about September 26, 2008. The cover of the appendix shall be blue and labeled "Plaintiff's Appendix." The original and eight copies of each brief, the original appendix, and any other filings in this matter shall be filed with the Clerk of the Indiana Supreme Court.

d) In addition to the service requirements contained in Appellate Rule 24, the parties shall also serve each

other, no later than the date the document is filed, via electronic mail.

e) The parties shall file appearance forms as required by Appellate Rule 16(C).

f) Extensions of time will be granted only in **truly extraordinary circumstances** and any motion seeking an extension of time must be made jointly by the parties.

g) An order scheduling oral argument in this matter shall be issued at a later date.

h) No later than two (2) weeks after the conclusion of this matter before this Court, the parties shall supply, in ".pdf" format via CD–Rom, file-stamped copies of all documents filed in this case, including the orders and opinions issued by this Court, to the Clerk of the United States District of Court for the Southern District of Indiana.